# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>ALFONSO ZAPIEN-CARRILLO,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 99 CR 3465 JM<br>CIVIL NO.  08 CV 1499 JM<br><br>**ORDER DISMISSING MOTION TO REDUCE SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255**<br><br>Doc. No. 131 |

On June 30, 2000, pursuant to a plea agreement, Defendant Alfonso Zapien-Carrillo ("Defendant"), a non-United States citizen, pled guilty to Conspiracy to Bring in, Transport, and Harbor Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Defendant subsequently fled to Mexico and failed to appear at sentencing. Following extradition from Mexico on an indictment for Bail Jumping, Defendant appeared for sentencing on March 7, 2008. Defendant was sentenced to a custodial term of 55 months, followed by three years supervised release.

On October 10, 2008, Defendant filed a motion for reduction of his sentence pursuant to 28 U.S.C. § 2255 ("Motion"), in which he argues he is entitled to a "vacation and correction of sentence" based on: (1) changes to applicable "constitutional law;" (2) his entitlement to post-conviction downward departure under U.S.S.G. § 5K2.19; and (3) ineffective assistance of counsel at sentencing. The government opposes the motion. (Doc. No. 133.) Defendant filed no traverse. Pursuant to Civil L.R. 7.1(d)(1), the matter was taken under submission by the court on November 14, 2008. For the

reasons set forth below, the court denies Defendant's motion.

//

## I. Changes to "Constitutional Law"

Defendant argues "new constitutional law" warrants a reduction in his sentence. Defendant cites to 18 U.S.C. § 3553(b) ("aggravating or mitigating circumstance" may be considered in sentencing) and a range of case law to demonstrate the court was "authorized" to impose a sentence below the applicable guideline range. However, none of these sources alters the law that was in place at the time of Defendant's sentencing. In addition, although these citations show downward departures are permitted in certain cases, Defendant fails to show their relevance to his situation or why any such departure would have been justified during his sentencing proceedings.

//

## II. Downward Departure under U.S.S.G. § 5K2.19

Defendant argues he is entitled to a departure pursuant to U.S.S.G. § 5K2.19, which allows consideration of post-sentencing rehabilitation efforts at a defendant's resentencing. However, neither Defendant's initial March 2008 sentencing nor the court's review of this motion constitute resentencing for purposes of § 5K2.19. Further, Defendant provides no evidence to show he has participated in any relevant rehabilitative efforts in the seven months since his sentencing.

//

## III. Ineffective Assistance of Counsel

Defendant argues he received ineffective assistance of counsel at his sentencing because his attorney allegedly failed to seek mitigation based on Defendant's status as a deportable alien and allegedly misrepresented the conditions of Defendant's plea.

### A. Procedural Bar

Pursuant to Defendant's plea agreement, he likely waived any right to collaterally attack his sentence. However, as the government is unable to locate the original plea agreement, the court does not rely on this argument. Rather, the court notes Defendant has procedurally defaulted on this constitutional claim by failing to raise the argument on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted) ("habeas review is an extraordinary remedy and will not

be allowed to do service for an appeal"). Defendant never brought a direct appeal, and does not allege any basis in cause, prejudice, or actual innocence to excuse this default. Id. at 622.

### B. Substantive Analysis

As Defendant correctly notes, to mount an ineffective assistance of counsel claim, he must demonstrate (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 690-92 (1984).

Defendant first argues his counsel failed to request a departure on the basis of Defendant's status as a deportable alien. This allegation is patently false, as shown by the Sentencing Memorandum filed by his attorney. (Doc. No. 127 at 3:24-28.) This "mitigating factor" was squarely before the court at sentencing. Further, Defendant sets a high standard for himself by relying on U.S. v. Smith, 27 F.3d 649 (D.C. Cir. 1994), for other mitigating factors. Under Smith, a court may contemplate a reduced sentence where a defendant would face more severe confinement conditions as a result of his alien status than those imposed on non-aliens. Id. at 655. Defendant makes no showing in this regard.

Defendant next argues his attorney misrepresented the conditions of the plea, and his reliance on the misrepresentation resulted in the imposition of a greater sentence. Other than this conclusory allegation, Defendant gives no indication how the plea was misrepresented to him back in 2000 when it was negotiated. Thus, the court has no factual basis on which to assess the attorney's performance under the first prong of Strickland. Even if the court had sufficient evidence to draw the conclusion Defendant advocates, Defendant demonstrates no resulting prejudice. As the government notes, had Defendant declined the plea agreement, five counts of bringing in illegal aliens for financial gain under 8 U.S.C. § 1324(a)(2)(B)(ii) would not have been dropped. (Doc. No. 8.) As a result, Defendant would have faced a greater minimum sentence than was imposed after the plea

In sum, Defendant fails to show ineffective assistance of counsel under the standards described by Strickland.

//

//

//

**IV. Conclusion**

  For the reasons stated above, Defendant's motion to "vacate and correct sentence" is **DENIED** (Doc. No. 131). The Clerk of Court is instructed to close the case file.

  **IT IS SO ORDERED.**

DATED: November 20, 2008

                _____
                Hon. Jeffrey T. Miller
                United States District Judge